UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS B. STREDIC, SR, | § | |
| TDCJ # 789666 | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-06-4026 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|    Director of the Texas Department | § | |
|    of Criminal Justice - Correctional | § | |
|    Institutions Division, | § | |
|     *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Louis B. Stredic filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, which has been referred to this magistrate judge for report and recommendation. (Dkt. 3). Respondent has filed a motion to dismiss. (Dkt. 20). The court recommends that Stredic's writ application and motion for relief be dismissed as successive.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244(b). A later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition. *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

---

[1] Petitioner's motions for appointment of counsel (Dkts. 9, 10) and to vacate (Dkts. 11, 12) are dismissed for lack of jurisdiction. Because petitioner has not received prior authorization from the Fifth Circuit to file a successive petition, this court lacks jurisdiction to construe his motions.

Stredic has previously filed several writ applications challenging this conviction, which was entered against him in the 23rd Judicial District Court of Brazoria County, Texas.[2]  Stredic has also been warned that he will be sanctioned for continued frivolous filings.  *See Stredic v. Aldrich*, Civil Action No. H-05-3309 (S.D. Tex. Oct. 5, 2005); *Stredic v. Johnson*, Civil Action No. G-95-697 (S.D. Tex. December 5, 1995).  Because Stredic has not obtained an order from the court of appeals authorizing the district court to consider it, the court recommends that this petition be dismissed for lack of jurisdiction.  28 U.S.C. § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The court further finds that Stredic has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

---

[2] *See Stredic v. Quarterman*, Civil Action No. H-06-3740 (S.D. Tex. December 5, 2006) (dismissed as successive); *Stredic v.* Quarterman, Civil Action No. G-06-401 (S.D. Tex. August 11, 2006) (dismissed as successive); *Stredic v. Stevens*, Civil Action No. G-00-0508 (S.D. Tex. July 24, 2001) (dismissed as time barred); *Stredic v. Dretke*, Civil Action No. G-02-0517 (S.D. Tex. July 8, 2004) (dismissed as time barred); *Stredic v. Cockrell*, Civil Action No. G-02-366 (S.D. Tex. June 3, 2003) (dismissed as successive); *Stredic v. Dretke*, Civil Action No. H-05-1983 (S.D. Tex. June 14, 2005) (dismissed as successive); *Stredic v. Cockrell*, Civil Action No. H-03-3001 (S.D. Tex. August 15, 2003) (dismissed as successive).

Signed at Houston, Texas on May 17, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge